## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MONTE DELANO CARTER       *

Plaintiff       *

v       *       Civil Action No.ELH-14-3171

WARDEN CAROLYN SCRUGGS,       *
LT. G. JOHNSON,
ROBIN CONLEY,       *
KRISTIE JONES,
LT. YVETTE MOSES,       *
LT. BLANDING and
BALTIMORE CITY BOOKING AND       *
INTAKE CENTER
      *
Defendants

*** 

## MEMORANDUM

The above-captioned case was filed on October 9, 2014 (ECF 1), together with a motion to proceed in forma pauperis (ECF 2). Because plaintiff appears indigent, his motion (ECF 2) shall be granted.

The complaint concerns plaintiff's experience on May 25, 2014, of eating apple crisp served to him by the dietary department at Baltimore City Booking and Intake Center ("BCBIC") and finding "an unknown gritty substance" in the dish, which tasted different from the rest of the dish. ECF 1 at 3. Carter also describes the substance as hard. *Id*. Plaintiff claims he alerted Officer Rice to the problem and she called Lt. Johnson to the area. ECF 1 at 4. Two photographs were taken of plaintiff's tray and another tray whose recipient also complained of the same issue. Plaintiff was told by Johnson the apple crisp would be taken to the dietary department so that proper steps could be taken to identify the substance. *Id*. at 4.

Plaintiff alleges he was dissatisfied with Johnson's behavior in response to the incident and filed a grievance regarding the matter.  His grievance was received on May 28, 2014, and a response was provided from Lt. Yvette Moses, dated July 1, 2014, stating that the "unknown substance has be[en] determined to be improperly mixed cake mix."  ECF 1 at 4.  The response further stated that the dietary department "has been instructed to monitor more closely the trays that are being prepared."  *Id.*  Plaintiff attempted to pursue on appeal of his grievance, but his appeals were dismissed as previously resolved.  However, plaintiff states he discovered on September 30, 2014, during a conversation with Lt. Blanding, the dietary department supervisor, that no one had spoken to or informed dietary staff about the matter.  *Id.* at 5-6.  As a result of what occurred, plaintiff claims he has experienced an increase in anxiety requiring additional medication.  *Id.* at 7.  As relief, plaintiff seeks a monetary award of 8.2 million dollars.  *Id.* at 3.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Additionally, under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint filed pursuant to 42 U.S.C. §1983 must allege a violation of a constitutional right by a person[1] action under color of state law.  The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner."  *Hill v. Nicodemus*, 979 F. 2d 987, 991 (4th Cir. 1992) (*citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988)); *see also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (pretrial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right; both require more than *de minimus* injury).

At best, the complaint alleges a claim of negligence in the context of food preparation that has resulted in no physical injury.  Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.  *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981).  However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society."  *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that "the deprivation of [a] basic human need was *objectively* sufficiently serious," and that "*subjectively* the officials acted with a sufficiently culpable state of mind."

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).  "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

---

[1]  BCBIC is not a "person" within the meaning of the statute.

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded.  *See Wilson*, 501 U. S. at 298.  In other words, "'the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.'"  *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).  The allegations in the complaint itself establish that correctional staff, once made aware of a problem with plaintiff's food, removed it.  Perhaps a different case could be made if plaintiff were forced to eat the apple crisp containing an unknown substance, but that is not what occurred.

Moreover, "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement."  *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003).  Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions.  *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).  Plaintiff's assertion that his existing anxiety disorder has worsened solely because he found an unknown substance in his food simply does not suffice as a significant emotional injury.

To the extent plaintiff is also alleging he was somehow deprived of a constitutionally protected right when his grievance was not adequately investigated, the claim also fails.  A claim that a prisoner plaintiff was denied an opportunity to exhaust administrative remedies is, in essence, a claim of denial of access to courts, inasmuch as the Prison Litigation Reform Act requires exhaustion of administrative remedies prior to filing a conditions claim under 42 U.S.C. §1983.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (defining conditions claims as

encompassing all inmate suits about prison life).   An access to courts claim, however, must involve deprivation of a meaningful opportunity to file challenges to the validity of convictions or sentences or to the conditions of confinement.  *See Lewis v. Casey*, 518 U. S. 343, 355 (1996). Impairment of the capacity to litigate claims without constitutional significance are permissible consequences of incarceration.  *Id*.

The complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e), and the case will be marked with a "strike."  Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  *Id*.

A separate Order follows.

October 24, 2014                                    _____/s/_____
Date                                                          Ellen L. Hollander
                                                                   United States District Judge